IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                              CASE NO. 5:18-CR-50023-003

JORGE CABALLERO-GONZALEZ                                    DEFENDANT/MOVANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 128) of the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas. On November 4, 2019, Defendant filed a motion to vacate, amend, or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. 100). A Court Order (Doc. 102) dated January 5, 2019, appointed Assistant Federal Public Defender Joe Alfaro to represent Defendant and file an amended § 2255 motion. The Amended § 2255 Motion (Doc. 107) was filed on January 21, 2020. After the Amended Motion was fully briefed, Magistrate Judge Wiedemann held an evidentiary hearing on January 27, 2021, and a supplemental evidentiary hearing on February 19, 2021. Following that, she issued her R&R on March 30, 2021.

The R&R advises the Court to deny Defendant's Amended Motion on all grounds. On April 13, 2021, Defendant filed his Objections (Doc. 129) to the Magistrate Judge's R&R. For the reasons stated herein, the Court **ADOPTS** the R&R and **DENIES** Defendant's Amended Motion (Doc. 107).

### I. BACKGROUND

On October 5, 2018, Defendant was sentenced to twenty-two months' imprisonment after pleading guilty to knowingly and intentionally distributing

1

methamphetamine in violation of 21 U.S.C. § 841(a)(1). Judgment was entered on October 10, 2018, which meant Defendant had until October 24, 2018, to appeal. See Fed. R. App. P. 4(b)(1)(A). Defendant testified that he told his counsel to appeal the sentence. Defendant's wife, Daniella Simoes, also testified that she made daily phone calls to her husband's counsel and two visits to his office during the fourteen-day appeal period, but counsel never responded. The fourteen-day period passed without counsel filing an appeal.

Defendant completed English courses and obtained his General Education Diploma during the first five months of his sentence. Subsequently, Defendant pursued independent study in the law library. He testified that through these studies, he learned that he could file a motion to vacate his sentence due to ineffective assistance of counsel. Defendant's *pro se* motion was signed under penalty of perjury and dated October 2, 2019. All § 2255 motions are subject to a one-year statute of limitations, which means that Defendant's motion should have been postmarked by October 24, 2019, to be considered timely. See 28 U.S.C. § 2255(f). However, the prison's mail log shows that the motion was not put in the prison mailing system (and postmarked) until October 31, 2019. The Court received and filed the motion on November 4, 2019.

## II. OBJECTIONS

Defendant "objects to the R&R's conclusions that his motion was untimely, and that he is not entitled to equitable tolling." (Doc. 129, p. 3). In light of these objections, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . . [and] may accept,

2

reject, or modify, in whole or in part, the findings or recommendations made . . . ." 28 U.S.C.A. § 636(b).

## A. Timeliness

The Court is not persuaded by Defendant's arguments concerning the timeliness of his motion. Specifically, his credibility, his wife's credibility, and the credibility of the mailroom supervisor were all assessed by Magistrate Judge Wiedemann during the two evidentiary hearings. The Court has now reviewed the transcript of those hearings and agrees with the Magistrate Judge's characterization of the testimony.

As noted in the R&R, Defendant's testimony contained various inconsistencies. In fact, Defendant's wife had to explain parts of his testimony in order to account for the inconsistencies. By contrast, the mailroom supervisor's testimony concerning the facility's daily mail practice was consistent with her affidavit, the mail log, and even Defendant's own description of the mailing process. The Magistrate Judge found the mailroom supervisor to be "credible," (Doc. 128, p. 9), and this Court concurs. The mailroom supervisor testified that outgoing mail is collected from the prisoners by jail officers on a daily basis and then placed in a box in the office. The mailroom supervisor retrieves all the mail in the box each morning, Monday through Friday, and takes the mail to the U.S. Post Office the same day. According to the mail supervisor, who has held her position in the jail for the past sixteen years, it would not have been normal or expected practice for jail officers to have delayed in placing Defendant's mail in the office box and/or for the supervisor to have delayed in logging and mailing Defendant's motion for twenty-nine days.

Federal Rule of Appellate Procedure 4(c)(1)(A)(i) provides that a prisoner may demonstrate timely filing of a motion by including with it "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit [in the prison mail system] and stating that first-class postage is being prepaid." In the case at bar, Defendant submitted his *pro se* § 2255 motion along with a statement signed under penalty of perjury that stated he placed the motion "in the prison mailing system on 10/02/19." (Doc. 100, p.12). However, Defendant's statement is insufficient, in and of itself, to prove the date he filed his motion because the declaration did not include a statement affirming that first-class postage was prepaid.

"[U]nder the common law mailbox rule, . . . an inmate bears the initial burden of alleging timely filing." *United States v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015). To the extent Defendant met his initial burden of proof through his and his wife's testimony, the Government sufficiently rebutted that evidence through the testimony of the mail supervisor. For these reasons, Defendant's objection as to timeliness is **OVERRULED**.

### B. Equitable Tolling

Defendant argues in the alternative that extraordinary circumstances entitle him to equitable tolling of the one-year limitation period. He points to his lack of English language comprehension coupled with the "complete abandonment of his trial counsel" as extraordinary circumstances warranting equitable tolling. (Doc. 129, p. 6). It is uncontested that Defendant's wife contacted his counsel several times a day during the fourteen-day period following the filing of Defendant's judgment. However, there is no suggestion in the record that Defendant made further efforts to contact his counsel after that fourteen-day period expired. Under the circumstances, the Court does not find that

Defendant diligently pursued his right to file a § 2255 petition. Moreover, Defendant concedes that a lack of English language comprehension is not recognized by the Eighth Circuit as an extraordinary circumstance that warrants equitable tolling. *See Mendoza v. Minnesota,* 100 F. App'x 587, 588 (8th Cir. 2004) (finding that a lack of English language proficiency was an insufficient basis on which to reverse the district court's denial of equitable tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (finding that an alleged language deficiency "ha[d] not prevented the petitioner from accessing the courts"). Further, this Court is not persuaded that Defendant lacked English language comprehension and was unable to file his § 2255 petition within a year of judgment for that reason. During Defendant's change of plea and sentencing hearings before this Court, he was offered the assistance of a Spanish-language interpreter but declined. Accordingly, Defendant's objection as to equitable tolling is also **OVERRULED**.

### III. CONCLUSION

**IT IS ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY** and that Defendant's Amended Motion to Vacate (Doc. 107) is **DENIED**.

A certificate of appealability can only issue after "a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b)–(c)(2). A substantial showing is "showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). For the reasons previously stated, the Court **DENIES** Defendant's request for a certificate of appealability because the Court's rulings regarding timeliness and equitable tolling are not debatable among reasonable jurists. Defendant is free to put his request to the Eighth Circuit directly. *See* 28 U.S.C. §§ 2253(a)–(c).

Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 27th day of July, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE